```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

WILLIAM PALMER BOYKIN,            :
                                  :
    Petitioner,                   :
                                  :
vs.                               :     CIVIL ACTION 12-0211-KD-M
                                  :
CYNTHIA A. WHITE,                 :
                                  :
    Respondent.                   :


REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Cynthia A. White and against Petitioner William Palmer Boykin pursuant to 28 U.S.C. § 2244(d).  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first degree murder in the

1

Mobile County Circuit Court on November 9, 1981 for which he received a sentence of life in the state penitentiary (Doc. 1; *see also* Doc. 5, Exhibit 1, p. 5).  No direct appeal was filed on the conviction or sentence (Doc. 1, p. 3; *see* Doc. 5, p. 2).

Boykin filed a petition for writ of error coram nobis on February 20, 1985 which was denied on May 13, 1985 (Doc. 5, Exhibit 1, p. 6; Doc. 5, p. 3).  The Alabama Court of Criminal Appeals affirmed the denial of that petition on January 30, 1986; a certificate of judgment was entered on the action by the Alabama Court of Criminal Appeals on February 20, 1986 (Doc. 5, Exhibit 1, p. 8).

Petitioner filed his first Rule 32 petition on May 4, 2000; it was denied on July 27, 2000 (Doc. 5, Exhibit 1, p. 9).  The Alabama Court of Criminal Appeals affirmed the denial and entered a certificate of judgment on December 15, 2000  (Doc. 5, Exhibit 1, p. 10).

Boykin filed a second Rule 32 petition on May 8, 2008 (Doc. 5, Exhibit 5, pp. 20-59).  The petition was denied on July 29, 2010 as being successive and time-barred (Doc. 5, Exhibit 2, pp. 198-212).  The Alabama Court of Criminal Appeals reversed the decision, remanding it back to the lower court because the petition dealt with both the murder and attempted murder convictions instead of a single conviction; certificate of

judgment was entered on February 10, 2012 (*see* Doc. 5, p. 4).

Petitioner filed a complaint with this Court on March 23, 2012 raising the following claims: (1) he was denied his right to due process; (2) he was tried and convicted without the jury venire or petite jury having ever been sworn; and (3) he was denied the effective assistance of counsel (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 5, pp. 6-8). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). The Eleventh Circuit Court of Appeals held that the one-year

limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review.  *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's conviction became final on December 21, 1981, the last day he could have appealed his convictions.[1]  As such, Boykin's conviction became final prior to the effective date of the AEDPA and he had until April 23, 1997 to file this action.

Petitioner's habeas corpus petition was not filed in this Court until March 23, 2012, nearly fifteen years after the grace period had expired.  Boykin had filed an error coram nobis proceeding before AEDPA went into affect and two Rule petitions after the AEDPA time period had expired.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to

---

[1] "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."  Ala.R.App.P.

4

be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Petitioner's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  Boykin's only assertion for filing this action so late is that he is actually innocent of the crime for which he was convicted (*see* Docs. 9, 11, 13).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.  A court can

---

4(b)(1).

consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence (Docs. 9, 11).  There is no offer of new evidence.  The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.

Petitioner has also asserted that his first claim is timely because "the factual predicate of this claim did not become available until the Alabama Court of Criminal Appeals and the Alabama Supreme Court issued their certificate of judgment denying Rule 32, relief on February 10, 2012" (Doc. 13, p. 1).  Boykin asserts timeliness under 28 U.S.C. § 2244(d)(1)(D) which says that the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The Court notes that while the Alabama appellate courts might not have concluded their rulings on this issue until February 10, 2012, the factual predicate goes back to 1981 when the petit and grand juries were selected in his original trial.  Petitioner's most recent Rule 32 petition, filed way beyond the AEDPA limitations period and only recently concluded, does not

give him a pass on the AEDPA limitations period, Boykin's claim otherwise notwithstanding.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia A. White and against Petitioner William Palmer Boykin pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition

7

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Boykin did not file this action in a timely manner under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of July, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
