IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM PALMER BOYKIN,           ) | |
|     Petitioner,                                  ) | |
| v.                                                            ) | CIVIL ACTION NO. 12-00211-KD-M |
|                                                          ) | |
| CYNTHIA A. WHITE,                         ) | |
|     Respondent.                               ) | |

**ORDER**

This matter is before the Court on the *pro se* Petitioner's "Statement of Appeal to Magistrate Order." (Doc. 15). Specifically, Petitioner appeals the Magistrate Judge's Order (Doc. 10) denying -- pursuant to Schlup v. Delo, 513 U.S. 298, 321 (1995) -- his motion for an extension of time within which to respond to the Court's show cause order and his request to expand the record. Petitioner contends that the Magistrate Judge's ruling that his motion "does not meet the requirement of *Schlup*[]" (Doc. 10 at 1) is clearly erroneous and contrary to law.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, in reviewing a Magistrate Judge's order on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." A Magistrate Judge's pretrial rulings are final decisions which are not subject to a *de novo* determination. See, e.g., Merritt v. International Broth. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981); Featherston v. Metropolitan Life Ins. Co., 223 F.R.D. 647, 650-651 (N.D. Fla. 2004). Instead, such rulings are subject to a "clearly erroneous or contrary to law" standard which is "extremely deferential." *See* 28 U.S.C. § 636(b)(1)(A); Rule 72(a); S.D.Ala. LR 72.3(c); Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, *5 (S.D. Ala. July 23, 2008). Here, Petitioner contends that the Magistrate Judge's rulings are both clearly erroneous and contrary to law. "Relief is appropriate

1

under the 'clearly erroneous' prong…only if the…court 'finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made.'" Pigott, 2008 WL 2937804, *5. A ruling is "contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." Id.

The undersigned has carefully reviewed the Order at issue. The Magistrate Judge's Order is neither clearly erroneous nor contrary to law. Petitioner indicated that he wished to assert an actual innocence claim. As noted by the Magistrate Judge, under Schlup, 513 U.S. at 321, to be entitled to an actual innocence defense as a procedural bar a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Simply stated, Petitioner failed to submit any such evidence. Instead, Petitioner argued that already submitted evidence should be interpreted another way and argued evidence that was available but was not presented at trial. Additionally, the Magistrate Judge has the authority to reconsider orders and revise them when necessary. The Magistrate Judge granted the Petitioner's motion to reconsider the Order, but after doing so, again concluded that the request for an extension and to expand the record lacked merit. (Doc. 12 at 2). The Court agrees with the rulings of the Magistrate Judge.

Accordingly, it is **ORDERED** that the Statement Appeal of the Magistrate Order (Doc. 15) is **DENIED** and the Magistrate Judge's Order (Doc. 10) is **AFFIRMED** in its entirety.

**DONE** and **ORDERED** this the **9th** day of **July 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**